## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MAUREEN HILL                          :
1229 Chestnut Street, #105            :
Philadelphia, PA 19107                :
                                      :    CIVIL ACTION
                    Plaintiff,        :
        v.                            :    No.:
                                      :
SOUTHEASTERN PENNSYLVANIA             :
TRANSPORTATION AUTHORITY              :
("SEPTA")                             :
1234 Market Street                    :
Philadelphia, PA 19107                :    **JURY TRIAL DEMANDED**
                                      :
                    Defendant.        :
                                      :

## CIVIL ACTION COMPLAINT

Plaintiff, Maureen Hill (hereinafter referred to as "Plaintiff"), by and through her undersigned counsel, hereby avers as follows:

### INTRODUCTION

1.      Plaintiff has initiated this action to redress violations by Southern Pennsylvania Transportation Authority ("SEPTA") (hereinafter referred to as "Defendant") of the Americans with Disabilities Act, as amended ("ADA" - 42 U.S.C. §§ 12101 *et. seq*.), the Family and Medical Leave Act ("FMLA" - 29 U.S.C. §2601 et seq.), the Philadelphia Fair Practices Ordinance ("PFPO"), and the Pennsylvania Human Relations Act ("PHRA").[1]  Plaintiff was unlawfully terminated by Defendant, and she suffered damages more fully described/sought herein.

---

[1] Plaintiff intends to amend her instant lawsuit to include claims under the PHRA and the PFPO once her administrative remedies are fully exhausted with the Pennsylvania Human Relations Commission ("PHRC").

## JURISDICTION AND VENUE

2.     This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws.  There lies supplemental jurisdiction over Plaintiff's state-law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

3.     This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington,* 326 U.S. 310 (1945), and its progeny.

4.     Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant is deemed to reside where it is subjected to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

5.     Plaintiff filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and also dual-filed said charge with the Pennsylvania Human Relations Commission ("PHRC").  Plaintiff has properly exhausted her administrative proceedings before initiating this action by timely filing and dual-filing her Charge with the EEOC and PHRC, and by filing the instant lawsuit within 90 days of receiving a right-to-sue letter from the EEOC.

## PARTIES

6.     The foregoing paragraphs are incorporated herein their entirety as if set forth in full.

7.     Plaintiff is an adult who resides at the above-captioned address.

2

8.      Southeastern Pennsylvania Transportation Authority ("SEPTA") is a regional public transportation authority that operates bus, rapid transit, commuter rail, light rail, and electric trolleybus services for people throughout five counties in and around Philadelphia, Pennsylvania, and is located at the above-captioned address.

9.      At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

10.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11.     Plaintiff was hired by Defendant effective on or about July 22, 2024; and in total, Plaintiff was employed by Defendant for approximately 13 months, until her unlawful termination (discussed further *infra*) on or about August 29, 2025.

12.     Plaintiff's role within Defendant was that of Contract Administrator, and she reported directly to Manager, Technical Services Contract Administration, Paul Stavros (hereinafter "Stavros") (an approximate 11-year employee of Defendant) for the entirety of her tenure with Defendant.

13.     Throughout her employment with Defendant, Plaintiff was a very hard-working and dedicated employee who performed her job well.

14.     Plaintiff is a 62-year-old woman, who suffers from various ADA-qualifying disabilities, such as depression and anxiety (among other health complications).

15.     As a result of her aforesaid health conditions, Plaintiff suffers from sleeplessness, panic, and feelings of hopelessness, which (at times) limits her ability to perform some daily life activities, such as sleeping, interacting with others, and working (among other daily life activities).

16.     Despite Plaintiff's aforesaid health conditions and limitations, she was able to perform her job well; however, she (at times) required some reasonable medical accommodations.

17.     For example, Plaintiff commenced an approximate one-month medical leave of absence on or about June 26, 2025, to care for and treat her disabilities.[2]

18.     Plaintiff's leave was for merely one month and would indisputably be a "reasonable accommodation" under the ADA (or applicable state law).

19.     Plaintiff provided Defendant's management with medical documentation to support her medical leave of absence identifying some of her medical complications (such as depression).

20.     In particular, Plaintiff provided Defendant with a letter from her medical provider (dated June 25, 2025), stating in pertinent part:

> I am writing to inform you of an important matter concerning Ms. Maureen Hill, who is in my care and receiving psychological treatment for Major Depressive Disorder and Generalized Anxiety Disorder.
>
> Ms. Hill recently experienced a significant life event that has negatively and severely impacted her mental health and has exacerbated her previously controlled Major Depressive Disorder (F33.1). This exacerbation has led to a rapid decline in her overall functioning. She currently exhibits symptoms that include fatigue, brain fog, sadness, crying spells, chronic insomnia, as well as problems with focus and concentration. There is no current concern for self-harm.
>
> After reviewing her most recent clinical assessments (Beck's Depression Scale and PHQ-9), I have determined that Ms. Hill should take a leave of absence from work from June 26, 2025, to July 27, 2025. This absence is necessary to address her deteriorating mental health and to allow her to undergo the necessary intense treatment to return to a level of baseline functioning.
>
> Thank you for your attention to this matter and for supporting Ms. Hill. If you have any questions or require further information, please call me at (240) 476-1450.

---

[2] It is well established that medical leave is a reasonable accommodation under the Americans with Disabilities Act ("ADA"). *See e.g. Daniel v. T-Mobile USA, Inc*., 2019 U.S. Dist. LEXIS 80003, at *36 (E.D. Pa. 2019)(explaining medical leave is often a "reasonable accommodation" under the ADA and explaining that even up to a 6-month medical leave can be a reasonable accommodation); *Shannon v. City of Phila.*, 1999 U.S. Dist. LEXIS 18089, at *22 (E.D. Pa. 1999)(denying summary judgment and explaining that a medical leave for 3-6 months of time is often a "reasonable accommodation").

21.    As a result, at all relevant times hereto, Defendant was aware of Plaintiff's disabilities and/or need for reasonable accommodations for the same.

22.    Nonetheless, despite being on notice of Plaintiff's health conditions and documented need for a medical leave of absence, Defendant failed to abide by Family and Medical Leave Act ("FMLA") regulations, which require Defendant to (among other things):

    a.    Send Plaintiff a notice of designation of FMLA;

    b.    Send Plaintiff an FMLA certification to be completed by her health care provider;

    c.    Inform Plaintiff of her individualized notice of rights under the FMLA; and

    d.    Provide a host of other FMLA-related information.

23.    Plaintiff became employed for more than one year during her aforesaid medical leave, making Plaintiff FMLA eligible during the same. However, Defendant ignored its obligations under the FMLA.[3]

24.    Plaintiff returned to work (from her brief medical leave) on or about July 27, 2025.

25.    Notably, prior to commencing her ADA and/or FMLA-qualifying leave, Plaintiff had not been notified formally or informally that her employment was in jeopardy because of conduct or performance issues.

26.    Nonetheless, on or about July 28, 2025 – Plaintiff's first day back from medical leave – Stavros issued Plaintiff a "Notice of Charges" notifying her of the "imminent discharge" of her employment.

---

[3] *See e.g. See e.g. Ruder v. Me. Gen. Med. Ctr.*, 204 F. Supp. 2d 16 (D. Me. 2002) (In denying a defendant's motion to dismiss, the court explained that an employee who became FMLA qualified during his absenteeism was entitled to FMLA protection); *Babcock v. BellSouth Adver. & Publ'g Corp.*, 348 F.3d 73 (4th Cir. 2003) (affirming jury verdict that employee became eligible for FMLA 8 days after his medical leave commenced resulting in FMLA violations); *Nameth v. Celina Fin. Corp.*, 2006 U.S. Dist. LEXIS 8908 (N.D. Ohio Mar. 2, 2006) (employee missing 4 days before becoming FMLA eligible didn't insulate employer from FMLA violation, as employee had become FMLA eligible triggering FMLA obligations of employer); *see also* 29 C.F.R. § 825.110(d) ("[A]ny portion of the leave taken for an FMLA-qualifying reason after the employee meets the eligibility requirement would be FMLA leave.").

27.    Plaintiff avers that the July 28, 2025 "Notice of Charges," could only be described as overkill, as Plaintiff was suddenly being accused of anything and everything, such as not performing duties, absenteeism concerns, inappropriate behavior, being disruptive, willful misconduct, insubordination, and other vague policy violation allegations, which were largely manufactured and outright pretextual.

28.    The Notice of Charges included a litany of allegations about Plaintiff's conduct that purportedly happened weeks and months earlier but were never brought to Plaintiff's attention at the time they allegedly occurred or at any point prior to Plaintiff's termination.

29.    Being offended, thorough, and feeling blindsided, Plaintiff provided a comprehensive rebuttal to the aforementioned July 28, 2025, ***the most egregious of which was the accusation of absenteeism between June 26, 2025 – July 27, 2025 (due to her disabilities), which Defendant retaliatorily, discriminatorily, and unlawfully used as a means to terminate Plaintiff***.

30.    Plaintiff was ultimately terminated on or about August 29, 2025, for completely pretextual reasons.

31.    However, tellingly, between the receipt of the original July 27, 2025 "Notice of Charges," and her termination, Defendant had in fact adjusted, altered, and provided shifting allegations against Plaintiff at varying times (which she attributes to a lack of underlying merit or basis to the allegations in the first place).[4]

---

[4] Courts have found that shifting/conflicting reasons for a Plaintiff's termination is clear evidence of pretext. *See, e.g., Zelinski v. Pennsylvania State Police*, Civ. No. 03-4025, 108 Fed. Appx. 700, 707 (3d Cir. Aug. 11, 2004) (holding reasonable jury could find plaintiff satisfied causation element by providing inconsistent reasons provided by defendant for termination); *see also Bourara v. N.Y. Hotel Trades Council & Hotel Ass'n of N.Y. City, Inc.,* Emple. Ben. Funds, No. 20-3092, 2021 U.S. App. LEXIS 31269, at *4 (2d Cir. Oct. 19, 2021) (citing *Kwan v. Andalex Grp.*, LLC, 737 F.3d 834, 846 (2d Cir. 2013)) (same); *Siegel v. Alpha Wire Corp*., 894 F.2d 50, 55 (3d Cir.1990)(emphasis added) (holding plaintiff can demonstrate pretext by showing that a "defendant's proffered reason is 'merely fabricated justification for discriminatory conduct …"either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered reason is unworthy of credence'").

32.    Defendant failed to properly accommodate Plaintiff by terminating her directly in part for requesting/utilizing reasonable medical accommodations (*i.e.*, a brief medical leave).

33.    Plaintiff believes and therefore avers that she was subjected to discrimination, a hostile work environment, and retaliation because of: (1) her known and/or perceived health problems; (2) her record of impairment; (3) her requested accommodations (*i.e.*, medical leave); and (4) Defendant's failure to properly accommodate her (discussed *supra*).

34.    Plaintiff also believes and therefore avers that her disabilities were motivating and/or determinative factors in Defendant's termination of her employment.

### COUNT I
### <u>Violations of the Americans with Disabilities Act, as Amended ("ADA")</u>
**(1] Actual/Perceived/Record of Disability Discrimination; [2] Failure to Accommodate;
[3] Retaliation; and [4] Hostile Work Environment)**

35.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

36.    Plaintiff suffered from qualifying health conditions under the ADA which affected her ability (at times) to perform some daily life activities.

37.    Despite Plaintiff's aforementioned health conditions and limitations, she was still able to perform the duties of her job well with Defendant, however, Plaintiff did require reasonable medical accommodations at times.

38.    Plaintiff kept Defendant informed of her serious medical conditions and need for medical treatment and other accommodations.

39.    Plaintiff requested very reasonable accommodations from Defendant, including but not limited to a medical leave to care for and treat her aforesaid disabilities.

40.    Plaintiff was subjected to hostility and animosity by Defendant's management as a result of her aforesaid health conditions and requested accommodations through disparate and

discriminatory treatment, as well as pretextual admonishment and/or discipline.

41.    Plaintiff was then abruptly terminated on or about August 29, 2025, for completely pretextual reasons.

42.    Defendant failed to properly accommodate Plaintiff by terminating her directly in part for requesting/utilizing reasonable medical accommodations (*i.e.*, a brief medical leave).

43.    Plaintiff believes and therefore avers that she was subjected to discrimination, a hostile work environment, and retaliation because of: (1) her known and/or perceived health problems; (2) her record of impairment; (3) her requested accommodations (*i.e.*, medical leave); and (4) Defendant's failure to properly accommodate her (discussed *supra*).

44.    Plaintiff believes and therefore also avers that her disabilities were motivating and/or determinative factors in Defendant's termination of her employment.

45.    Defendant's actions as aforesaid constitute violations of the ADA.

### COUNT II
### Violations of the Family and Medical Leave Act ("FMLA")
### (Retaliation & Interference)

46.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

47.    Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(a)(i)(ii).

48.    Plaintiff requested leave for medical reasons from Defendant, her employer, with whom she had been employed for at least twelve months pursuant to the requirements of 29 U.S.C.A § 2611(2)(i).

49.    Plaintiff had at least 1,250 hours of service with Defendant during her last full year of employment.

50.     Defendant is engaged in an industry affecting commerce and employs fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A § 2611(4)(A)(i).

51.     Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A § 2612 (a)(1) for a total of twelve (12) work weeks of leave on a block or intermittent basis.

52.     Plaintiff became eligible for FMLA leave during her aforementioned medical leave of absence.

53.     Defendant committed interference and retaliation violations of the FMLA by: (1) terminating Plaintiff for requesting and/or exercising her FMLA rights and/or for taking FMLA-qualifying leave; (2) considering Plaintiff's FMLA leave needs in making the decision to terminate her; (3) failing to inform Plaintiff of her individualized FMLA rights, which constitutes a failure to follow proper notice, designation, and information regulations of the FMLA; (4)  terminating Plaintiff to intimidate her and/or prevent her from taking FMLA-qualifying leave in the future; (5) making negative comments and/or taking actions towards her that would dissuade a reasonable person from exercising her rights under the FMLA; and (6) failing to designate the eligible portion of Plaintiff's medical leave, as FMLA-qualifying or FMLA protected leave.

54.     These actions as aforesaid constitute violations of the FMLA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.     Defendant is to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B.     Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's

illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority;

C.    Plaintiff is to be awarded liquidated and/or punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D.    Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to damages for emotional distress/pain and suffering);

E.    Plaintiff is to be awarded the costs and expenses of this action and reasonable attorneys' fees as provided by applicable federal and state law; and

F.    Plaintiff is to be given a jury trial as demanded in the caption of this Complaint.


Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**


By:  _____
Ari R. Karpf, Esq. (91538)
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
akarpf@karpf-law.com
(215) 639-0801

Dated: February 13, 2026

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Maureen Hill                                                :                    CIVIL ACTION
                                                           :
                              v.                           :
                                                           :
Southeastern Pennsylvania Transportation Authority ("SEPTA")        NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                      ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                             ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                        ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.            (x )

| 2/13/2026 | | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: <u>Defendants place of business</u>

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?                                          Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?          Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?  Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?  Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply?               Yes ☐
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.** *Federal Question Cases:*

☐ 1.  Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2.  FELA
☐ 3.  Jones Act-Personal Injury
☐ 4.  Antitrust
☐ 5.  Wage and Hour Class Action/Collective Action
☐ 6.  Patent
☐ 7.  Copyright/Trademark
☐ 8.  Employment
☐ 9.  Labor-Management Relations
☒ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief **\*see certification below\***
☐ 16. All Other Federal Question Cases. *(Please specify):*_____

**B.** *Diversity Jurisdiction Cases:*

☐ 1.  Insurance Contract and Other Contracts
☐ 2.  Airplane Personal Injury
☐ 3.  Assault, Defamation
☐ 4.  Marine Personal Injury
☐ 5.  Motor Vehicle Personal Injury
☐ 6.  Other Personal Injury *(Please specify)*:_____
☐ 7.  Products Liability
☐ 8.  All Other Diversity Cases: *(Please specify)*_____
        _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒  Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐  None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

HILL, MAUREEN

## DEFENDANTS

SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY ("SEPTA")

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* | |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* | |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury – Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 835 Patent – Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| | | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury – Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities – Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities – Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee – Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101); FMLA (29USC2601)

Brief description of cause:
Violations of the ADA, FMLA, PFPO and the PHRA.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE   2/13/2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____